IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JEFFREY KEITH MARTIN                                                                                    PLAINTIFF

V.                                           NO: 4:17CV00324 BSM/PSH

DOES, *et al.*                                                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to Chief United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Jeffrey Keith Martin, who is currently held at the Yell County Jail, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on May 15, 2017, alleging that his constitutional rights were violated because he was not allowed to go to the law library and he had been strip searched. *See* Doc. No. 2. On May 17, 2017, the Court ordered Martin to file an amended complaint describing how each defendant was personally involved in the alleged deprivations of his constitutional rights, how he was personally harmed by each alleged constitutional violation, and why he sues jail administrators in their official capacities. *See* Doc. No. 3 at 3. Martin filed an amended complaint on May 23, 2017 (Doc. No. 4). For the reasons described herein, the court finds he fails to describe facts sufficient to state a claim for relief.

**I. Screening Standard**

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.

**II. Analysis**

*A.    Access to Courts Claim*

Martin alleges he was not allowed to go to the law library despite repeated requests and the filing of a grievance. Doc. No. 4 at 1. To state an access to courts claim, a prisoner must show that he was "'not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, . . .'" *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) (quoting *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007)). The prisoner must also show that an actual injury resulted, "that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Id.* Despite the opportunity to amend his complaint to state how he was injured, Martin only states that he has "other issues to take care of not being able to go to the law library makes it impossible for me to do so." Doc. No. 4 at 1. These allegations are

insufficient to show Martin was denied an opportunity to litigate a nonfrivolous and arguably meritorious claim, and accordingly, Martin's factual allegations are insufficient to state a claim for relief.

### B. *Fourth Amendment Unreasonable Search Claim*

Martin alleges he was strip searched upon arrival at the Yell County Jail on April 16, 2017, and strip searched again on May 11, 2017, after returning from court. Doc. No. 4 at 2. Specifically, Martin was required to strip naked, squat, spread his buttocks, and cough. *Id.* Martin alleges the searches were embarrassing and caused him "mental stress, prolonged anxiety, and humiliation." *Id.* In *Florence v. Board of Chosen Freeholders of County of Burlington,* 566 U.S. 318 (2012), the United States Supreme Court held that "correctional officers must be allowed to conduct an effective search during the intake process and that this will require at least some detainees to lift their genitals or cough in a squatting position." *Id.* at 333. The Eighth Circuit Court of Appeals has also held that "a body-cavity search by itself does not state a claim for the violation of a clearly established right." *Story v. Foote*, 782 F.3d 968, 971 (8th Cir. 2015) (noting U.S. Supreme Court and Eighth Circuit precedent regarding "the strong institutional interests in maintaining security, and about the reasonableness of visual body-cavity inspections when detainees enter a facility, . . . ".). Martin alleges no facts to indicate that the strip searches conducted by the Yell County Jail were anything but routine searches upon his entry and re-entry to the facility. Accordingly, he does not sufficient facts to state a claim for relief.

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. Martin's claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation or the accompanying judgment would not be taken in good faith.

4. Martin's pending motion for a jury trial (Doc. No. 8) be denied as moot.

IT IS SO RECOMMENDED this 22nd day of June, 2017.

_____
UNITED STATES MAGISTRATE JUDGE